FILED
U.S. DISTRICT COURT

2006 NOV 30  P 2: 32

J. LaVictoire

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TINA MUSIC GORDON, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV506-008
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("the ALJ" or "ALJ Stables") denying her claim for Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for Supplemental Security Income on September 28, 2002, alleging that she became disabled on April 5, 2001, due to a bulging disc, a whiplash injury, sciatica, fibromyalgia, arthritis setting in a healed fracture, chronic and severe neck pain, radiating back pain with leg numbness and burning, obesity, high blood pressure, panic attacks, and depression. (Tr. at 19.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On April 23, 2004, ALJ Stables held a hearing at which Plaintiff appeared and testified. William Sabo, Sr., a

AO 72A
(Rev. 8/82)

vocational expert, also testified at this hearing. ALJ Stables found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 34.) The Appeals Council vacated this decision and remanded the case to ALJ Stables. (Tr. at 17.) A supplemental hearing was conducted on July 19, 2005, at which Plaintiff appeared and testified. Paul Dolan, a vocational expert, also appeared and testified. ALJ Stables again found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 18.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 8.)

Plaintiff, born on January 28, 1964, was forty-one (41) years old when ALJ Stables issued his decision. She has a general equivalency diploma. (Tr. at 18.) Her past relevant work experience includes employment as a retail sales person and as a deli worker/cashier/cook. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's

AO 72A
(Rev. 8/82)

impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of April 5, 2001, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 18.) At Step Two, the ALJ determined that Plaintiff had mild degenerative disc changes with lumbar spine strain, fibromyalgia, pain disorder associated with psychological factors and general medical condition, general anxiety disorder, not otherwise specified, adjustment disorder with depressed mood, and severe dissimulation, which are impairments considered severe within the Act. (Tr. at 26.) However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) The ALJ found that Plaintiff retained the residual functional capacity to perform work at the light exertional level that does not

3

require more than occasional bending, kneeling, or squatting and that can be done despite mild loss of grip, but with adequate residual strength to perform fine and gross manipulations; some limitations but more than adequate capability to understand, remember, and execute detailed instructions and interact appropriately with supervisors and co-workers; limited but satisfactory capability to interact appropriately with the general public and adapt to stress and changes; and less than adequate ability to understand, remember, and execute complex instructions. (Id.) At the next step, ALJ Stables concluded that Plaintiff could perform her past relevant work as a sales clerk as it is customarily performed in the national economy, which did not require the performance of work-related activities, either mental or physical, precluded by Plaintiff's residual functional capacity. (Id.)

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred by refusing to allow her counsel to ask the vocational expert questions. Plaintiff also contends that the ALJ erred by failing to find that the combination of her impairments made her disabled.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Even if the

AO 72A
(Rev. 8/82)

evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Dyer, 395 F.3d at 1210; Cornelius, 936 F.2d at 1145.

Substantial evidence must do more than create a suspicion of the existence of the fact to be proved, and the evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210; Martin, 894 F.2d at 1529. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146; Martin, 894 F.2d at 1529.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **ALJ Stables' Determination That Plaintiff is not Disabled is Supported by Substantial Evidence.**

    A.    **Vocational Expert**

Plaintiff asserts that the ALJ did not pose a hypothetical question which encompassed all of her documented "problems attending to tasks without interruption for either mental or physical impairment on a regular and sustained basis throughout an eight hour workday, five days a week." (Pl.'s Br., p. 12.) Plaintiff contends that ALJ Stables' hypothetical did not include the findings of Dr. Marc Eaton, the consultative psychologist, or the clear mental limitations indicated by her psychiatrist according to Plaintiff's Global Assessment of Functioning. Plaintiff also contends that the ALJ denied her counsel the

opportunity to ask and receive an answer from the vocational expert regarding the possible existence of a severe mental impairment.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Williams v. Barnhart, 140 Fed. Appx. 932, 936 (11th Cir. 2005) (quoting Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)). However, the hypothetical need only include the impairments which the ALJ accepts as true. McKay v. Apfel, 1999 WL 1335578, *7 (M.D. Ala. Dec. 9, 1999) (citing Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994)).

ALJ Stables presented the following hypothetical question to Paul Dolan, the vocational expert:

> [The h]ypothetical individual can perform the liftings, carrying, standing, [and] walking requirements for light work, but can do bending, kneeling, and squatting occasionally[;] has a mild [loss] of grip strength, but retains adequate fine and gross manipulation[;] assume an inability to deal with complex instructions. With regard to detailed instructions, assume an ability that a slight limitation, but still more than adequate, the ability to deal with detailed instructions, a limited but satisfactory ability to deal with the public and to deal with work stresses, and assume a slight limitation on the ability to interact with coworkers and supervisor, slight meaning the ability is more than adequate, but there is some minor degree of limitation.

(Tr. at 564-65.) ALJ Stables determined, as discussed above, that Plaintiff retained the residual functional capacity to perform work at the light exertional level that does not require more than occasional bending, kneeling, or squatting and that can be done despite mild loss of grip, but with adequate residual strength to perform fine and gross manipulations; some limitations but more than adequate capability to understand, remember, and execute detailed instructions and interact appropriately with supervisors and co-workers; limited but satisfactory capability to interact appropriately with the general

public and adapt to stress and changes; and less than adequate ability to understand, remember, and execute complex instructions. (Tr. at 26.)

In determining what Plaintiff's residual functional capacity was, ALJ Stables considered all symptoms, including pain, and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence in the record.  (Tr. at 23.)  ALJ Stables considered Plaintiff's subjective allegations of pain and limitations and found her allegations to be partially credible.  The ALJ noted that the objective evidence did not support the existence of any impairments which resulted in the degree of disabling pain and limitations Plaintiff alleged. (Id.) ALJ Stables specifically noted that Plaintiff's demeanor at the hearing, her activities of daily living, the lack of medical findings that reasonably supported the degree of pain and limitations alleged, and documented findings of Plaintiff's malingering on a psychological consultative evaluation led him to find Plaintiff to be partially credible. (Tr. at 24.) The ALJ also based his finding on Dr. Stanley Wallace's findings and opinion and the residual functional capacity assessments of medical and psychological consultants, to which he gave "some weight", and the findings and opinions of Dr. Marc Eaton, to which he gave "great weight." (Id.)

The hypothetical question ALJ Stables posed to the vocational expert included the limitations to Plaintiff's residual functional capacity he found were credible; the ALJ was not required to do more than that.  ALJ Stables' determination as to Plaintiff's residual functional capacity is supported by substantial evidence.

7

### B. Combination of Impairments

Plaintiff alleges that, if the combination of her impairments were properly considered, it is evident that she cannot perform her past relevant work or any other job which exists in the national economy on a regular and sustained basis because her physical problems are exacerbated by her mental limitations. (Pl.'s Br., p. 13.) Plaintiff contends that the ALJ did not accurately consider the severity of her physical and/or mental limitations, and his findings regarding her impairments are not supported by substantial evidence.

"Where a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." Hurley v. Commissioner of Social Security, 147 Fed. Appx. 103, 107 (11th Cir. 2005) (quoting Jones, 941 F.2d at 1533).

In the case *sub judice*, ALJ Stables specifically stated that Plaintiff had mild degenerative disc changes with lumbar spine strain, fibromyalgia, pain disorder associated with psychological factors and general medical condition, general anxiety order– anxiety disorder, not otherwise specified, adjustment disorder with depressed mood, and severe dissimulation. ALJ Stables also stated that these impairments were severe within the meaning of the Regulations, but not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. at 22.) ALJ Stables noted that the medical evidence established that Plaintiff had obesity, hypertension, a right foot fracture, and plantar fasciitis; however, because these impairments had not been shown to impose significant limitations on Plaintiff's ability to function, these impairments were not considered severe. In addition to

the findings and opinions of several doctors as to Plaintiff's physical limitations ALJ Stables reviewed in determining that Plaintiff is not disabled, ALJ Stables also reviewed the findings and opinions of Dr. Marc Eaton and Dr. John Petzelt in determining Plaintiff's mental limitations. (Tr. at 19-21.) Substantial evidence supports the conclusion that the ALJ considered the individual and combined effects of Plaintiff's impairments.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)